IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ERIC KOHLER, | : | Case No. 1:20-cv-889 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | **ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| CITY OF CINCINNATI, *et al.*, | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiff's Objections (Doc. 41) to the Magistrate Judge's Report and Recommendation (Doc. 40) that Plaintiff's Motion for Preliminary Injunction (Doc. 7) be denied. Defendants responded to Plaintiff's Objections (Docs. 42, 43).

Plaintiff Eric Kohler, a white male, initiated this action alleging that continued enforcement of two decades-old Consent Decrees for police hiring and promotions violates his constitutional right to equal protection. (Doc. 1.) The Magistrate Judge properly determined that Kohler failed to demonstrate a likelihood of standing for preliminary injunctive relief or a likelihood of irreparable injury in the absence of a preliminary injunction. She recommended denying Kohler's motion to enjoin the Cincinnati Police Division ("CPD") from utilizing the Consent Decrees for police promotions during the pendency of this action, and Plaintiff filed the instant objections.

The Court has undertaken a de novo review of Plaintiff's Objections to the Report and Recommendation and determined that the Objections should be overruled and the Report and Recommendation accepted in its entirety. First, Plaintiff Kohler faces no immediate, irreparable injury absent a preliminary injunction. Second, this case and the related federal case, *United*

1

*States v. City of Cincinnati*, No.1:80-cv-369,[1] require CPD, the City of Cincinnati ("the City"), and the United States of America to determine a fair and constitutional way to hire and promote police officers of all genders and races while compensating for past discriminatory practices without unfairly burdening the next generation of police hires. The vital public interest involved here requires a thoughtful, considered resolution rather than an immediate reaction. Accordingly, the Plaintiff's Objections will be overruled, the Magistrate Judge's Report and Recommendation will be adopted, and Plaintiff's Motion for Preliminary Injunction will be **DENIED**.

## I. BACKGROUND

### A. Facts

The Magistrate Judge provided a thorough factual recitation in her Report and Recommendation (Doc. 40). The Court will summarize those facts briefly here for ease of analysis.

In 1980, the United States sued the City, CPD, and related entities alleging that entry-level police hiring and promotion practices illegally discriminated against black and women applicants.[2] In settlement of that case, the City, CPD, the Queen City Lodge No. 69, Fraternal Order of Police ("FOP"), and the United States entered into a Consent Decree supervised by the Court ("the 1981 Consent Decree").[3] *United States v. City of Cincinnati*, No. 1:80-cv-369 (S.D. Ohio Aug. 12, 1981). In an effort to "insure that blacks and women are not disadvantaged by the

---

[1] Under the paper-based filing system used in 1980, the case number assigned was C-1-80-369. Based on Kohler's allegations in the instant case, the City and the United States successfully moved to reopen the 1980 case which, under the current electronic filing system, is now number 1:80-cv-369.

[2] The Court uses the terms "blacks" and "women" to refer to specific race and sex based groups in this Order because those are the terms used in the Consent Decrees.

[3] Plaintiff attached a copy of the 1981 Consent Decree to the Amended Complaint filed in the instant action. (Doc. 26 at PageID 304–315.) For ease of citation and electronic availability, the Court will cite to the copy of the Consent Decree filed as an attachment to Plaintiff's Amended Complaint rather than to the original paper copy filed in the 1980 case.

hiring, promotion, assignment and other employment policies and practices of the CPD and that any disadvantage to blacks and women which may have resulted from past discrimination is remedied so that equal employment opportunity is provided to all," the parties agreed to certain race and sex based criteria for new hires and promotions to Sergeant. (Doc. 26 at PageID 306–307.)

In 1987, the Sentinel Police Association and eight individual plaintiffs sued the City and the FOP in state court alleging unlawful discrimination against black and women officers who sought promotions to Lieutenant, Captain, and Assistant Chief. In settlement of that action, the City and FOP agreed to a Consent Decree supervised by the Hamilton County Court of Common Pleas ("the 1987 Consent Decree").[4] *Sentinel Police Assn. v. City of Cincinnati*, Hamilton C.P. No. A8704567 (Sept. 14, 1987).

Both Consent Decrees employ a "rule of four" and "double fill" process for new hires and promotions. Pursuant to the Consent Decrees, applicants are placed on eligibility lists by numeric score. The score reflects the results of a written examination, oral board, seniority points, and other steps as delineated by state civil service law. Applicants are then hired or promoted in order beginning with the highest scorer on the list. After every four promotions, the City reviews the race and sex of the four people promoted. If no blacks or women were promoted in that group of four, the City "double fills" the fourth position by creating and funding an additional position for the next woman or black person on the eligibility list. (Doc. 22-1 at PageID 153; Doc. 26 at PageID 311–312.) Since 2010, six people have been promoted as "double fills," four to Sergeant and two to Lieutenant. (Doc. 22-1 at PageID 153.)

---

[4] Plaintiff attached a copy of the 1987 Consent Decree to the Amended Complaint filed in the instant action. (Doc. 26 at PageID 316–322.) For ease of citation and electronic availability, the Court will cite to the copy of the Consent Decree filed as an attachment to Plaintiff's Amended Complaint rather than to the original paper copy filed in the 1987 case.

3

On the 2020 Sergeant Eligibility List, Plaintiff Eric Kohler, a white male, ranked number eight. The four highest ranked applicants included a woman and a black person. Thus, the first four promotions required no "double fill." However, applicants ranked five through eight were all white men. Therefore, as the list existed at that time, promotion number eight should have gone to Eric Kohler and then have been "double filled" by Robert White II, the next ranked black or female candidate on the list. (Doc. 22-1 at PageID 153–154; Doc. 22-2 at PageID 155.)

However, due to a "procedural error in the promotions," Robert White II was promoted as a "double fill" with the seventh ranked person rather than the eighth ranked. (Doc. 22-1 at PageID 154.) Had the Consent Decrees been followed properly, both Kohler and White would have been promoted to Sergeant on September 20, 2020. (*Id.*) Instead, CPD promoted White on July 26, 2020, and Kohler on September 20, 2020. (Doc. 22-2 at PageID 155.) Kohler then initiated this action[5] pursuant to 42 U.S.C. § 1983, alleging that the promotions process contained in the Consent Decrees violated his constitutional right to equal protection under the Fourteenth Amendment. (Doc. 1 at PageID 9–10.)

After Kohler initiated this action, CPD informed him via email that his seniority had been incorrectly calculated. (Doc. 26 at PageID 323–326.) According to CPD's email to Kohler, he should have ranked number nine on the 2020 Sergeant Eligibility List because—once Kohler's seniority was correctly calculated—Casey Kreider, a white male, should have been ranked above Kohler. (*Id.* at PageID 325.) Thus, after correction of CPD's second error, Kreider and White should have been promoted September 20, 2020, and Plaintiff Kohler should not have been promoted until November 15, 2020, first in the next group of four. CPD retroactively adjusted their promotion dates accordingly. (*Id.*)

---

[5] Kohler filed his Complaint as a putative class action. However, no class has been certified at this juncture.

Following CPD's second claimed error, Plaintiff Kohler filed an Amended Complaint. (Doc. 26.) His Amended Complaint restates his original equal protection claim and alleges that Defendants took "[v]arious adverse actions" against him "at the behest of, and direction by Mayor Cranley" since he initiated this action. (*Id.* at PageID 298.) Accordingly, he amended his Complaint to include retaliation and civil rights claims.

### B. Procedural Posture

Plaintiff Eric Kohler, a white male, initiated this action pursuant to 42 U.S.C. § 1983 alleging that continued enforcement of two decades-old Consent Decrees for police hiring and promotions violates his constitutional right to equal protection under the Fourteenth Amendment (Count I). (Doc. 1.) He later amended his Complaint to add claims for First Amendment retaliation pursuant to 42 U.S.C. § 1983 (Count II), conspiracy to violate civil rights pursuant to 42 U.S.C. § 1985 (Count III), and failure to prevent conspiracy to violate civil rights pursuant to 42 U.S.C. § 1986 (Count IV). (Doc. 26.)

This Court referred the case to Magistrate Judge Karen L. Litkovitz for initial consideration of certain pretrial motions pursuant to 28 U.S.C. § 636(b) and Southern District of Ohio Local Rule 72.1. (Doc. 2.) Plaintiff Kohler filed a Motion for Preliminary Injunction asking that the City be enjoined from continued enforcement of the Consent Decrees during the pendency of this action. (Doc. 7.) The Magistrate Judge issued a Report and Recommendation that the preliminary injunction be denied primarily because Plaintiff had not established a substantial likelihood of standing to seek a preliminary injunction and because he failed to demonstrate irreparable injury in the absence of injunction. (Doc. 40.) Plaintiff timely objected (Doc. 41), and Defendants responded (Docs. 42, 43.)

Specifically, Kohler makes the following Objections: (1) the Magistrate Judge failed to fully understand that White's and prior "double fills" on earlier promotion eligibility lists delayed Kohler's promotion to Sergeant thereby causing him delayed receipt of certain seniority-based employment benefits, including detail and overtime opportunities, eligibility for future promotions, and preferences for shift and duty assignments and vacation; (2) the Magistrate Judge erroneously concluded that Kohler lacks standing to seek preliminary injunctive relief; and (3) the Magistrate Judge erroneously denied Kohler's contention that irreparable harm exists where a constitutional violation occurs. Defendants responded that the Magistrate Judge properly addressed each of these issues. The Court agrees with Defendants.

## II.　STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b)(3), "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

## III.　ANALYSIS

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Castillo v. Whitmer*, 823 F.App'x 413, 415 (6th Cir. 2020) (quoting *Overstreet v. Lexington-Fayette Urb. Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)). "Four factors determine when a court should grant a preliminary injunction: (1) whether the party moving for the injunction is facing immediate, irreparable harm, (2) the likelihood that the movant will succeed on the merits, (3) the balance of the equities, and (4) the public interest." *D.T. v. Sumner Cty. Sch.*, 942 F.3d 324, 326 (6th Cir. 2019). However, "even the strongest showing on the other three factors cannot

'eliminate the irreparable harm requirement' . . . That factor is indispensable: If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit." *Id.* at 326–327 (quoting *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)) (emphasis in original). A district court abuses its discretion if it grants a preliminary injunction without specifically finding an irreparable injury that is "both certain and immediate" rather than "speculative or theoretical." *Id.* at 327 (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991)).

In the case at bar, Plaintiff Kohler seeks to preliminarily enjoin the continued enforcement of both Consent Decrees. (Doc. 7.) However, neither Consent Decree currently poses an immediate threat of irreparable injury *to Kohler*. (Doc. 40 at PageID 413–426.) The 1981 Consent Decree possibly may have injured Kohler in the past. However, Kohler has failed to establish—for preliminary injunction purposes—that any "double fills" to Sergeant delayed Kohler's promotion or that any past injury cannot be adequately compensated at the conclusion of litigation.

The 1987 Consent Decree possibly may injure Kohler in the future, *if* he remains with CPD long enough to be eligible for promotion to Lieutenant, takes the yet-to-be-scheduled promotional exam, does well enough to be ranked highly on the Police Lieutenant Eligible List, has only white male applicants ranked in the applicable "group of four," has a lower-ranked black or woman applicant promoted above him as a "double fill," *and* can establish that "double fills" delayed his inevitable promotion. This potential future injury lacks both certainty and immediacy. Because Kohler is not "facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to the end of the lawsuit." *See Sumner Cty. Sch.*, 942 F.3d at 326–327.

Kohler contends that the injury he allegedly suffered due to the 1981 Consent Decree—"double fill" promotions delaying his rise to Sergeant—has "lingering and ongoing effects" on him that should be addressed via preliminary injunction. (Doc. 41 at PageID 439.) According to Kohler, seniority and date of promotion impact "preferences for detail and overtime pay and opportunities, which can be tens of thousands of dollars per year" as well as shift preferences, eligibility for certain future promotions, and preferences for vacation and duty assignments. (*Id.*)

Kohler's contention fails for several reasons. First, Kohler never moved to have his promotion date changed retroactively. According to the proposed order he attached and "incorporated by reference" into his Motion for Preliminary Injunction, he moved to enjoin enforcement of the Consent Decrees "during the pendency of this action." (Doc. 7-1 at PageID 64; Doc. 7 at PageID 51.) Thus, enjoining enforcement of the 1981 Consent Decree at this juncture would impact only those officers promoted to Sergeant from the filing of this action forward. It would not change Kohler's date of promotion or his seniority relative to other Sergeants, including White and Kreider.

Second, although neither his Complaint nor his Motion for Preliminary Injunction makes such a request, Kohler's Amended Complaint—filed nearly two months after his preliminary injunction motion—requests "restoring Plaintiff Kohler to the date of seniority he would have without the challenged practices." (Doc. 26 at PageID 301.) To the extent Kohler now suggests he is entitled to this ultimate relief on preliminary injunction, the Court disagrees. The retroactive seniority change "is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief." *Good v. Ohio Dep't of Rehab. & Correction*, No. 1:15-cv-190, 2015 WL

8

2452444, at *3 (S.D. Ohio May 21, 2015) (citing *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991).

Third, as the City's retroactive adjustments to promotion dates for Kohler, White and Kreider demonstrate, Kohler's alleged injury is not irreparable. If the evidence ultimately proves Kohler was treated illegally, the promotion dates can be retroactively adjusted and any lost wages, loss of seniority-related benefits, or delayed promotional or other opportunities can be compensated at that time.

Fourth, Kohler's contention that he is entitled to a presumption of irreparable harm merely because he alleges a constitutional violation is not well-taken. As the Magistrate Judge fully explained, the constitutionality of the Consent Decrees has not been determined, and Kohler failed to demonstrate standing to pursue a preliminary injunction. Thus, he is not entitled to a presumption of irreparable harm. *See Castillo*, 823 F. App'x at 417.

Finally, as to the balance of equities, this Court will not upend on preliminary injunction more than forty years of effort to rebalance the scales of racial and sex based equity in police hiring and promotions. The vital public interest here deserves a thoughtful and thorough approach to ensure that CPD hires and promotes all qualified candidates fairly and constitutionally.

## IV. CONCLUSION

Accordingly, the Magistrate Judge's Report and Recommendation (Doc. 40) is hereby **ADOPTED**. Plaintiff's Objections (Doc. 41) are **OVERRULED**, and Plaintiff's Motion for Preliminary Injunction (Doc. 7) is **DENIED**.

In addition, the Order referring this case to the Magistrate Judge (Doc. 2) is **RESCINDED**. All further proceedings will be conducted by the undersigned. The parties must

9

file their Rule 26(f) report and discovery plan no later than **May 7, 2021**. The Court will conduct a preliminary pretrial conference **via telephone** on **June 3, 2021 at 10:00 a.m**.

    **IT IS SO ORDERED**.

Dated: <u>April 21, 2021</u>        <u>S/Susan J. Dlott               </u>
                                                         Judge Susan J. Dlott
                                                         United States District Court